UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCHOOL OF DESIGN d/b/a<br>THE REX ORGANIZATION<br><br>VS.<br><br>SAL N. ORITZ and<br>REX SPIRITS, INC. | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAGISTRATE |

## COMPLAINT

Plaintiff, School of Design d/b/a "The Rex Organization," through undersigned counsel, upon actual knowledge and upon information and belief as to all other matters, alleges in support of this Complaint as follows:

1.      This is an action for damages and injunctive relief against Defendants, Sal N. Ortiz and Rex Spirits, Inc. for their unauthorized representation of affiliation, connection, and association of their King REX Spirits with the School of Design and the trademarks and trade names under which the School of Design conducts its activities, including, but not limited to, the Rex Organization, the Krewe of Rex, the Rex parade, the Rex ball, the Rex king, and its affiliated entities, persons and organizations.

2.      As described in greater detail below, since 1872, the School of Design, known to the public simply as REX, has served New Orleans by staging a Mardi Gras parade for the enjoyment of all, or as its motto proclaims, *Pro Bono Publico*. In that 140 year span, REX has introduced such ubiquitous symbols of New Orleans Mardi Gras as the colors purple, green and gold for "Justice, Faith and Power" and the Mardi Gras doubloon. While REX introduced these cherished icons, it does not claim exclusive rights to them. These beloved emblems

1

belong to all Mardi Gras celebrants throughout the world. Nor does REX claim exclusive title to the name Rex, which is simply Latin for king, and has been used by people throughout the ages to refer to any type of king. However, in connection with New Orleans Mardi Gras, REX is known the world over as the King of Carnival, the Monarch of Merriment who reigns over the streets of New Orleans on Mardi Gras Day. When New Orleans Mardi Gras and its time-honored symbols are linked with the name REX, they can mean only one thing: the School of Design and its more than one hundred and forty year old tradition of celebrating New Orleans Mardi Gras. The Defendant, through its line of "King REX Spirits" marketed with a New Orleans Mardi Gras theme, has unlawfully assumed REX's identity in order to sell its products. This lawsuit seeks to protect the School of Design's long-established trademark as REX, the king of New Orleans Mardi Gras.

**PARTIES**

3. Plaintiff, School of Design, is a Louisiana non-profit corporation with its principal place of business in the State of Louisiana, Parish of Orleans. The School of Design is sometimes referred to herein as the Rex Organization.

4. Defendant, Rex Spirits, Inc., is a California corporation which has its principal place of business at 419 South Main Street, Suite 301, San Antonio, Texas 78204-1104 and which is conducting business in the State of Louisiana.

5. Defendant, Sal N. Ortiz, is a California citizen whose residence is located at 14606 Pipeline Avenue, Chino, California 91710-5635 and who is conducting business in the State of Louisiana.

6. Defendant, Sal N. Ortiz, is also the chief executive officer and a director of Rex Spirits, Inc.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1121 and 28 U.S.C. §1331, 1338(a) for claims arising out of Section 32 and 43(a) of the Lanham Act, 15 U.S.C. § 1116(a), 1118, 1119, and 1125(a).

8. Jurisdiction is also founded on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), as plaintiff and defendants are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

9. This Court has supplemental jurisdiction over plaintiff's common law claims pursuant to 28 U.S.C. §1338(b).

10. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b).

**THE SCHOOL OF DESIGN'S MARKS**

11. Since 1872, the School of Design, also known as the "Rex Organization" and the "Krewe of REX," has paraded on Mardi Gras Day through the streets of New Orleans as the premier parade celebration of the Mardi Gras season.

12. Mardi Gras has been referred to as the "Greatest Free Show on Earth," and the REX parade is the oldest and most prominent continuing part of this public celebration. The image of the REX king's float is one of the quintessential icons of New Orleans Mardi Gras, featured in national and international print and electronic media every year. Just last year, the REX parade were featured prominently in news reports on Mardi Gras throughout the United States the New York Times, New York Daily News, the Los Angeles Times, the Huffington Post, the UK Daily Mail, MSNBC, and even the Alaska Journal, to name but a few. These articles featured not only reference to REX as the King of Carnival, but also numerous photographs of

the REX, the REX king, and the innumerable symbols that have inextricably linked REX to Mardi Gras.

13. The School of Design's members stage this parade at their own expense, building the elaborate floats and providing the floats and throws (beads, doubloons and other memorabilia), which are distributed to the public free of charge. This spirit of civic generosity is embodied in the Rex motto, adopted by the Rex Organization and in continuous use since 1872, "Pro Bono Publico."

14. Since the inaugural REX parade in 1872, on the evening of Mardi Gras, the Rex Organization has hosted a Mardi Gras ball for its members and their guests, in which the King and Lieutenants are costumed.

15. Every year, the Rex Organization selects from its membership a prominent citizen of Louisiana to reign as the king of that year's parade and ball. This individual is referred to by the Rex Organization as "REX", the "King of Carnival" and the "the Monarch of Merriment." However, members of the public often refer to REX as "the King of REX" and "King REX." In the public mind, the name "King REX" is synonymous with REX.

16. The REX parade, the REX ball, REX, the King of Carnival (also known to the public as "King REX") are all recognized marks of the School of Design, through which REX has conducted its business for one hundred and forty years.

17. The name "REX" is recognized throughout the nation, and particularly in Southeast Louisiana, as the iconic parade of New Orleans Mardi Gras.

18. Since its first parade in 1872, the official colors of Rex have been purple, gold and green, which colors are prominently featured in REX logos, memorabilia, costumes, ties, banners and beads.

19.     The REX colors of purple, gold and green are known throughout New Orleans to represent faith (green), justice (purple) and power (gold), which meaning was ascribed to these colors by the 1892 Rex parade and have been associated with Rex ever since. While the Rex Organization by no means suggests that it has exclusive domain over these colors in association with New Orleans Mardi Gras, the association of these colors, with the words "faith, justice and power," together with the name "REX", are inextricably associated with the Rex Organization.

20.     For one hundred and forty years, in the context of New Orleans Mardi Gras, the name REX is universally and exclusively recognized to mean the Rex parade, ball and king, as presented by the School of Design. This association is even more strongly linked in the public mind when the name "REX" is accompanied by the organization's traditional colors purple, gold and green and other symbols of carnival, including masks, doubloons, beads, and Mardi Gras balls.

21.     In 1960, the Rex Organization introduced the first Mardi Gras "doubloon," a round gold coin emblazoned with the Rex marks: the image of a REX king wearing a crown, the year of REX's founding 1872, the name "King of Carnival New Orleans" and the REX motto, "Pro Bono Publico." Since then, Mardi Gras doubloons have become common items with all parades, and REX's doubloon with the same original images and words continues to be treasured by parade-goers.

22.     In the context of New Orleans Mardi Gras, "King REX" is universally and exclusively recognized by the public to mean the king of the REX parade and ball selected annually by the Rex Organization.

23. REX has vigorously protected its marks, including the name "REX" (generally depicted in all capital letters) together with crowns, the moniker "King of Carnival," the colors green, gold and purple, masks and the motto "Pro Bono Publico" as used in the context of New Orleans Mardi Gras. To protect its marks, service marks and Trade Marks, REX has registered several state trademarks for its various logos, including:

| | |
|---|---|
| Louisiana Trade Mark No. 64-1722: | REX green, gold and purple flag |
| Louisiana Trade Mark No. 57-3834: | REX green, gold and purple flag |
| Louisiana Trade Mark/Service Mark No. 50-0389: | REX, King of Carnival and emblem, including a crown and a mask |
| Louisiana Trade Name/Trade Mark No. 64-1724: | REX and logo, including a crown and a mask |
| Louisiana Trade Mark/Service Mark No. 57-3845: | REX logo with crown and Pro Bono Publico |
| Louisiana Trade Name/Trade Mark No. 50-0390: | King of Carnival and logo with crown and mask |
| Louisiana Trade Mark No. 57-3841: | REX King of Carnival logo with crown, mask and "Pro bono public" motto |
| Louisiana Trade Mark No. 62-4381: | REX doubloon, with King of Carnival, king profile, year 1872 and motto Pro Bono Publico |
| Louisiana Trade Mark No. 62-4832: | REX King of Carnival sketch |
| Louisiana Trade Name No. 58-2281: | Queen of Carnival |

24. Among these trademarks are the royal symbols of REX, which include crowns, masks, the colors purple, gold and green, the moniker "King of Carnival," doubloons, and the date 1872. These symbols are displayed on flags which identify the holder of such a flag as someone who has served as "REX" or he is frequently referred to by the public, "King REX." These symbols also appear on the iconic REX doubloon, REX beads, cups, glass-wear, and sundry other REX paraphernalia, ranging from clothing to dog collars.

25. For several years, the Rex Organization has produced annual posters which feature the name Rex in combination with any of a crown, carnival masks, the colors purple gold and

6

green, Mardi Gras beads, and/or the REX king, the Pro Bono Publico motto, and the founding year 1872.

26. When the name REX is referred to in connection with New Orleans Mardi Gras or is displayed with any of the afore-mentioned well-established symbols of New Orleans Mardi Gras (to wit: the colors purple, gold and green, the phrase "justice, faith and power," a crown, Mardi Gras beads, carnival masks, costume balls, Mardi Gras parades, and/or a Mardi Gras king, the monikers "King of Carnival" and "Monarch of Merriment"), it is associated in the public mind with the Rex Organization.

27. Although prohibited by local ordinance from engaging in the commercialization of Mardi Gras, the Rex Organization lawfully sells merchandise bearing the various Rex trademarks (including but not limited to, beads, doubloons, clothing, coolers, cups, "can koozies" and glassware) to its membership. The sale of this exclusive merchandise to Rex members is an essential aid in raising the funds necessary to stage the elaborate Rex parade.

**DEFENDANTS' INFRINGEMENT OF THE SCHOOL OF DESIGN'S MARKS**

28. In 2012, one hundred and forty years after the founding of the Rex Organization, Defendant, Sal N. Ortiz, filed for incorporation of Rex Spirits, Inc., in the State of Texas and qualified that corporation to do business in the State of California for the purpose of selling alcoholic beverages.

29. In 2012, Sal N. Ortiz applied for registration of multiple trademarks which illegally and without authorization sought to obtain trademark protection for marks already in use by the School of Design and/or colorable imitations thereof, including registered and unregistered trademarks, trade names and service names. The trade marks sought to be registered by Mr. Ortiz include, but not limited to: Serial Number 85488865 (Rex Spirits); Serial Number

7

85538604 (King REX Spirits), Serial Number 85690239 (Rex Spirits), Serial Number 85666010 (King REX Bourbon), 85665987 (King REX Tequila), Serial Number 85665970 (King REX Vodka).

30. None of the federally-registered King REX marks give any indication that the name King REX will be used in conjunction with any symbols of New Orleans Mardi Gras or School of Design marks.

31. Countless individuals have registered trademarks which include the name Rex. Unlike Rex Spirits, none of these has used the name REX in conjunction with symbols of New Orleans Mardi Gras without any other marks which would distinguish their marks from REX, the King of Carnival. As stated at the outset of this Complaint, the School of Design does not assert exclusive dominion over either the name REX or ubiquitous symbols of Mardi Gras. It is only when, by combining the name REX with Mardi Gras without any other distinguishing characteristics, as King REX has done, that the School of Design's trademarks are infringed.

32. Upon information and belief, Sal N. Ortiz has authorized the corporation he founded, Rex Spirits, Inc., a Defendant herein, to use the aforementioned trademarks in connection with the production, marketing, promotion and sale of alcoholic beverages.

33. Rex Spirits, Inc., produces and markets vodka, rum and bourbon under the name "King REX," the packaging of which is replete with symbols of the Rex Organization and New Orleans Mardi Gras, including the colors purple, gold and green, a carnival mask, the phrase "faith, justice, power" a crown and the name King REX.

34. The packaging of "King REX" alcoholic beverage products prominently displays the name "REX" in all capital letters, just as in the School of Design marks. The word "King" preceding REX on the bottles is in a much smaller font than the work REX, eliminating any

8

possible distinction, if any, that might arise from the inclusion of the word REX in its Mardi Gras-themed packaging. Without very close inspection, the packaging readily appears to highlight REX, the King of Carnival, not King REX.

35. The King REX beverage products do not contain any distinct marks not associated with the Rex Organization that would distinguish them in the public mind from the Rex Organization.

36. As a new product "King REX" alcoholic beverages do not have established recognition in the market that would prompt the public to distinguish their Mardi Gras-themed products, which bear all the trappings of the School of Design's REX marks, from the many products of the REX organization.

37. Throughout its marketing campaign for King REX Vodka, King REX Bourbon, King REX Rum and King REX Spirits, Rex Spirits, Inc., has unlawfully associated itself with the Rex Organization. In addition to the bottle, which combines a number of symbols of the Rex Organization with the name "King REX," Rex Spirits, Inc., has generated posters, print advertisements and a web-site which prominently link Rex Spirits, Inc., with REX and New Orleans Mardi Gras and thus infringe on the REX Organization's marks.

38. Seeking to affiliate itself with the Rex Organization, the Rex Spirits, Inc., adopted marketing which boasts that King REX "identifies the category of spirits by their Carnival colors of purple "Justice" for King REX Ultra-Premium Vodka, green "Faith" for King REX Ultra-Premium Silver Rum, and gold "Power" for King REX Ultra-Premium Bourbon. The connection of these colors and their related meanings were first associated with Mardi Gras by the Rex Organization in its 1892 parade. These colors are included with the name REX in REX registered and unregistered trademarks, trade names and service marks.

39.     Throughout its marketing, in interviews, on its web-site, in print media, social-media and at promotional events, Rex Spirits, Inc. d/b/a King REX has espoused and suggested an association with New Orleans Mardi Gras, infringing on the School of Design's exclusive and continuous use of the name REX in connection with New Orleans Mardi Gras events.

40.     Unquestionably attempting to affiliate itself with the Rex Organization, in a press release dated April 12, 2012 announcing the release of King REX Spirits, Rex Spirits, Inc., founder and Defendant, Sal N. Ortiz, was quoted as saying:

> Consumers from all walks of life will enjoy the brands celebration which honors the "King of Carnival" and the "Monarch of Merriment," combining the visual symbols, images, sights and sounds with the REX's traditional Carnival colors of purple "Justice", green "Faith", and gold "Power".

41.     From its outset, Defendant, Rex Spirits, Inc. d/b/a King REX Spirits has attempted to align its brand with the School of Design (the Rex Organization) and its long history.  Its initial website included a page entitled "The Tale" which stated:

> The inspiration of King REX was derived from centuries of carnival tradition in the United States. In 1872 the Krewe of REX revitalized carnival as New Orleans was struggling to recover from the lingering effects of the civil war.
>
> The word REX is translated from latin (sic) as "KING".  King REX will be a King's KING, uniting people of all nations and creeds with celebrations of carnival and a toast of mankind with King REX Vodka.
>
> King REX Spirits, bringing the world together one carnival at a time.

After speaking with the School of Design's general counsel, Andrew Rinker, Defendants removed this statement from the website and replaced the verbiage with a more general reference to Mardi Gras, but the association of the King REX brand with the iconic

10

symbols of New Orleans Mardi Gras persists, maintaining the intended appearance that Rex Spirits' products are affiliated with or sponsored or endorsed by the School of Design.

42. Rex Spirits, Inc., has featured New Orleans-themed masked balls in its advertising and promotion of King REX Spirits. The REX ball is one of the key aspects of the REX brand recognition. The REX ball is televised annually and is widely viewed by the public.

43. Upon information and belief, King REX has expressed an interest in staging its own Mardi Gras costume ball, to be called the King Rex ball, in New Orleans during Mardi Gras this year to introduce its King REX products. This event would compete directly with the REX ball, upon which REX relies for generation of good will.

44. A "YouTube" video, which upon information and belief was published by Rex Spirits, Inc., or on behalf of Rex Spirits, Inc., and which advertises "King REX Spirits" begins and ends with the image of a doubloon emblazoned with the name "King REX," the year of the Rex Organization's founding, 1872, and the Rex motto "Pro Bono Publico." Between the images of the doubloon, the video depicts various "King REX" cocktails with the colors purple, gold and green and the words "Justice, Faith and Power."

45. Eliminating any doubt that Rex Spirits, Inc., is using the King REX name in association with New Orleans Mardi Gras, and hence the School of Design's mark, at a launch event for King REX Spirits products at Caesar's Palace Hotel in Las Vegas, which featured Mardi Gras beads, doubloons, masks and a "New Orleans theme," company president, Diane Svehlak, advised reporters, "the company wanted a mask on the bottle, and it came down to choosing a Venice theme or a New Orleans theme. They opted for New Orleans."

46. By telephone conference with Defendant, Sal N. Ortiz, on December 24, 2012, and by letter to Sal Ortiz and Rex Spirits, Inc., dated January 9, 2013, Andrew Rinker, acting on

11

behalf of the School of Design, advised Rex Spirits, Inc., that its marketing of King REX Spirits infringed on the REX trademarks and requested that Rex Spirits, Inc., and Sal Ortiz cease and desist their infringement on the School of Design's trademarks.

47. Tacitly, if not actually acknowledging infringement of REX marks, during their telephone conference of December 24, 2012, Mr. Ortiz enquired of Mr. Rinker whether the School of Design would be interested in granting Rex Spirits, Inc., a license to continue using the REX name in connection with its present marketing campaign. Mr. Rinker advised that the School of Design had no interest in licensing its marks to Rex Spirits, Inc., and gave Mr. Ortiz several reasons for this decision.

48. Mr. Rinker's January 9, 2013 letter advised Sal N. Ortiz and Rex Spirits, Inc., that if they did not cease and desist using the name REX together with Mardi Gras symbols in its marketing by January 14, 2013, the School of Design would pursue legal action against Sal N. Ortiz and Rex Spirits, Inc., to prevent their further infringement of the School of Design's trademarks.

49. By letter dated January 9, 2013, attorney for Rex Spirits, Inc., Bin Li, advised that Rex Spirits, Inc., would not change either the name or marketing of King REX, thus continuing to infringe on the School of Design's marks.

50. Rex Spirits, Inc., continues to market King REX Spirits with a New Orleans Mardi Gras theme, including, but not limited to: direct reference to New Orleans Mardi Gras; direct reference to King REX as the "King of Carnival"; use of the colors purple, gold and green; association of the colors purple, gold and green with "Justice, Faith and Power," and images of New Orleans Mardi Gras beads, doubloons and masks in its advertising and promotion of

King REX Spirits. King REX continues to use these marks without any distinguishing marks that would reduce confusion between King REX and the School of Design.

51. On information and belief, Rex Spirits, Inc., has already pre-sold, but not yet delivered, 800 cases of King REX vodka into the New Orleans market.

52. As such, Defendants, Rex Spirits, Inc. and Sal Ortiz, are willfully and intentionally infringing on School of Design marks, and the School of Design is entitled to all legal and equitable relief for Defendants' willful infringement. Defendants' labeling, promotion, marketing and sale of products with School of Design marks is intended to and is likely to cause confusion in the marketplace in that actual and prospective customers are likely to believe that Rex Spirits' products originate from, are sponsored by or are authorized or approved by the School of Design.

## **LIKELIHOOD OF CONSUMER CONFUSION AND DECEPTION**

53. Rex Spirits, Inc.'s products bearing the name, symbols or slogans of, or which are otherwise identified with the Rex Organization are likely to cause confusion among the public in the marketplace that Rex Spirits, Inc., and/or its King REX products are affiliated with, produced by, and/or sponsored or endorsed by the Rex Organization and/or the REX parade.

54. As the School of Design produces an extremely broad range of products under its REX trademarks, including beads, doubloons, clothing, cups, glassware, ice-chests, books, towels, sporting equipment, and even dog collars, the fact that Rex Spirits, Inc., is using School of Design marks to sell alcoholic beverages does not render the potential for confusion any less.

55. Rex Spirits, Inc.'s continued use, display, marketing, and sale of products bearing School of Design marks or any items associated with the REX name, symbols or slogans is without the School of Design's license or consent and has caused or is likely to cause mistake, confusion or deception in the minds of the public as to source, affiliation and sponsorship. Upon seeing the familiar School of Design marks, through Rex Spirit's unauthorized use thereof, consumers will be deceived into concluding that the products and services sold by Rex Spirits, Inc., are made or supplied by the School of Design, are prepared in the prescribed School of Design manner and subject to the School of Design's supervision, are sponsored or endorsed by the School of Design, and bear the School of Design marks pursuant to the School of Design's authority and permission. Such impressions are calculated to and will have a material influence on customers' purchasing decisions, inducing them to purchase Rex Spirits, Inc.'s products in reliance on the goodwill, reputation and appeal of the School of Design and the Rex Organization.

56. By reason of the foregoing, the School of Design has suffered damages in an amount presently unknown yet substantial. The School of Design is not the source or sponsor of King REX Spirits vodka, rum, tequila, bourbon and/or other products sold by Rex Spirits, Inc., does not endorse Rex Spirits, Inc., or the products and services provided by them, has not authorized Rex Spirits, Inc., to use the School of Design marks to identify any products or services, and has protested expressly against such use.

57. The School of Design is unable to control the nature and quality of the goods and services that Rex Spirits, Inc. provides. Additionally, the use of the School of Design marks suggests to the public that the Rex Organization promotes the use of alcohol. By reason of

Rex Spirits, Inc.'s conduct, the School of Design has and will suffer damage to its business, reputation and good will.

58. The School of Design will continue to suffer serious, immediate and irreparable harm if Rex Spirits, Inc.'s willful infringement of the School of Design marks is not immediately enjoined as a remedy at law is not adequate to fully compensate the School of Design for the injuries it has incurred and will incur. The School of Design's goodwill and reputation will suffer drastically by virtue of the public's identification of the Rex Organization with the unauthorized sale of the Rex Spirits, Inc.'s products.

59. Rex Spirits, Inc.'s sale of products under the School of Design marks or marks substantially similar to the School of Design's marks constitutes counterfeiting that will lead to mistake, deception, or confusion. Rex Spirits, Inc.'s actions pose an immediate threat to the distinct, exclusive image the School of Design has created at great expense over the course of one hundred and forty years. The intangible, but commercially indispensable, value that the School of Design enjoys will be severely undermined by the unauthorized use of the School of Design marks.

60. Consumer confusion as to the source or sponsorship of a product bearing the School of Design marks will be attended by an inevitable loss of product distinctiveness, image and goodwill. The economic injury to the School of Design resulting from such diversion is incalculable and, as such, is an additional source of irreparable harm.

### COUNT I - LANHAM ACT FALSE DESIGNATIONS
(AGAINST DEFENDANTS)

61. The School of Design re-alleges Paragraphs 1 through 60 above as if fully set forth herein.

62. Defendants', Sal N. Ortiz and Rex Spirits, Inc.'s acts constitute false designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

## COUNT II – LOUISIANA LAW TRADEMARK INFRINGEMENT
(AGAINST DEFENDANTS)

63. The School of Design re-alleges Paragraphs 1 through 60 above as if fully set forth herein.

64. Sal N. Ortiz and Rex Spirits, Inc's acts constitute unlawful trademark and service mark infringements under Louisiana state law: LSA-R.S. 51:222; 51:223 and 51:223.1.

## COUNT III - UNFAIR COMPETITION
(AGAINST DEFENDANTS)

65. The School of Design re-alleges Paragraphs 1 through 60 above as if fully set forth herein.

66. Sal N. Ortiz and Rex Spirits, Inc's acts constitute unfair competition under the laws of Louisiana and/or California. The actions of these Defendants in unlawfully leading the public to believe that Rex Spirits, Inc., is affiliated with the REX parade, the Rex ball, the Rex King, the Rex Organization, and the School of Design is likely to mislead members of the consuming public to the detriment of both consumers and the School of Design.

## DEMAND FOR ATTORNEYS' FEES

67. Defendants, Rex Spirits, Inc., and Sal N. Ortiz have been notified of their infringement and, due to the public awareness of the School of Design marks and their affiliation and ownership by the School of Design, Rex Spirits, Inc., and Sal N. Ortiz unquestionably have knowledge of the ownership of the School of Design marks. Nonetheless, Rex Spirits, Inc., and Sal N. Ortiz have continued in the unauthorized promotion, advertisement and sale of products bearing the School of Design marks and have indicated to members of the School of Design

16

that they will not cease such unauthorized sales. Accordingly, the School of Design is entitled to prejudgment interest and reasonable attorneys' fees incurred in protecting the School of Design's rights in this action because of the willful nature of the infringement, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

68. Defendants, Rex Spirits, Inc., and Sal N. Ortiz are also liable to the School of Design for attorneys' fees under Louisiana and California Unfair Trade Practices law.

WHEREFORE, the School of Design demands judgment against Defendants, Rex Spirits, Inc., and Sal N. Ortiz as follows:

1. For a preliminary injunction and permanent injunction enjoining Defendants, Rex Spirits, Inc., and Sal N. Ortiz, and all persons acting on their behalf, in concert with them or under their control from:

   (a) manufacturing, packaging, distributing, selling, advertising, displaying or promoting any product or service bearing any of the School of Design marks or any colorable imitation thereof ;

   (b) displaying or using any of the School of Design marks to advertise or promote the sale of, or to identify Rex Spirits, Inc., or any product or service provided therein; and

   (c) making in any manner whatsoever any statement or representation, or performing any act, likely to lead members of the public to believe that Rex Spirits, Inc., Sal N. Ortiz and the products and services provided therein, are in any manner, directly or indirectly, associated, affiliated or connected with, or licensed, sponsored, authorized or approved by the School of Design.

2. For a preliminary injunction and permanent injunction directing Defendants, Sal N. Ortiz and Rex Spirits, Inc., and all persons acting on their behalf, in concert with them, or under their control, to:

(a) recall and deliver up to the School of Design all signs, banners, labeling, packaging, advertising, promotional, display, products, and point-of-purchase materials which bear, or make reference to, any of the School of Design marks, or any colorable imitation of the School of Design marks;

(b) account and pay over to the School of Design all gains, profits and advantages derived by Rex Spirits, Inc., and Sal N. Ortiz from their trademark and service mark infringement and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. §1117, and by the controlling principles of common law;

3. For money damages, plus three times additional actual damages the School of Design has sustained by reason of Sal N. Ortiz and Rex Spirits, Inc.'s trademark and service mark infringement and unfair competition pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117;

4. For punitive damages because of the willful nature of Sal N. Ortiz and Rex Spirits, Inc.'s actions;

5. For pre-judgment interest and the School of Design's reasonable attorneys' fees incurred in protecting its rights in this action because of the willful nature of the infringement, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117;

6. For an order directing Sal N. Ortiz and Rex Spirits, Inc., to file with the Court, and to serve on School of Design's counsel within ten days after service of any injunction or order issued herein, or within such a reasonable time as the Court shall direct, a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with such injunction or order;

7. For an order pursuant to 15 U.S.C. §1119 cancelling or altering of all registered trademarks of Rex Spirits, Inc., and/or Sal N. Ortiz which infringe and/or trade upon School of Design marks, including, but not limited to: Serial Number 85488865 (Rex Spirits); Serial Number 85538604 (King Rex Spirits), Serial Number 85690239 (King Rex), Serial Number 85666010 (King Rex Bourbon), 85665987 (King Rex Tequila), Serial Number 85665970 (King Rex Vodka);

8. For all costs, disbursements, and expenses of this action; and

9. For all such other relief as this Court may deem just and proper.

Dated this 17th day of January, 2013.

Respectfully submitted,
*/s/ Stephen B. Murray, Jr.*
STEPHEN B. MURRAY, JR. (La. Bar No. 23877)
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 525-8100
Email: smurrayjr@murray-lawfirm.com
Counsel for School of Design d/b/a the Rex Organization

ANDREW RINKER (La. Bar No. 1563)
1100 Poydras Street, Suite 2300
New Orleans, Louisiana 70163
Telephone: (504) 390-3344
Email: Andrew.rinker.jr@gmail.com
General Counsel for School of Design d/b/a the Rex Organization